**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TARIQ JOHNSON,**<br>    aka **WILLIAM JAMES,**<br>    **Plaintiff**<br><br>vs.<br><br>**C.O. ROTH, et al,**<br><br>    **Defendants** | **C.A.No. 08-331 Erie**<br><br>**District Judge McLaughlin**<br><br>**Magistrate Judge Baxter** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I    RECOMMENDATION**

It is respectfully recommended that Plaintiff's motion to remand [document # 9] be DENIED.

It is further recommended that the motion to dismiss or for a more definite statement filed by Defendant Mowry [Document # 5] be granted in part and denied in part. The motion to dismiss should be GRANTED, while the motion for more definite statement should be DENIED as moot.

It is further recommended that the motion to dismiss filed by the Commonwealth Defendants [Document # 15] be GRANTED.

The Clerk of Courts should be directed to close this case.

**II    REPORT**

   **A.    Relevant Procedural History**

Plaintiff, a prisoner incarcerated within the state correctional system, brought this civil

1

rights action alleging that his federal constitutional rights under the Eighth and Fourteenth[1] Amendments, as well as his state constitutional rights, have been violated by Defendants. Plaintiff originally filed this action in the Court of Common Pleas of Erie County and Defendants removed the action to this federal district court.   Plaintiff's claims arise out of an alleged physical assault by Defendant Correctional Officer Roth in November of 2006.  Plaintiff alleges that the other Defendants conspired to cover-up the physical assault[2] and that following his submission of a grievance on the matter, he was retaliated against.

Named as Defendants are: Correctional Officer Roth, Correctional Officer Campbell, Captain White, Sergeant Delaney, Lt. Harmon, Correctional Officer Garlie, Correctional Officer Beck, Lt. Robinson, Lt. Szelewski, and Physician's Assistant Mowry. Defendant Mowry has filed a motion to dismiss or, alternatively, for a more definite statement.  Document # 5.  All other Defendants (hereinafter referred to as "the Commonwealth Defendants") are represented by the Attorney General and have filed a motion to dismiss accompanied by exhibits in support thereof.  Document # 15.

Plaintiff has filed a motion to remand this case back to the Court of Common Pleas of Erie County (document # 9), as well as a Brief in Opposition to the pending motions to dismiss (document # 23).  Additionally, Plaintiff has requested and received additional time in which to file an amended complaint.  However, as of today's date, no amended complaint has been filed.

The pending motions are ripe for disposition by this Court.

### B.     Plaintiff's Motion to Remand

---

[1]  In his complaint, Plaintiff alleges that Defendants violated his Fourth Amendment rights.  However, in a later filing, Plaintiff acknowledges that the actions complained of do not implicate the Fourth Amendment.  Document # 23, page 12.

[2]  In his Opposition Brief, Plaintiff clarifies that this alleged conspiracy involves Commonwealth Defendants Roth, Campbell, Delaney, Beck, White and Garlie.  Document # 23, page 9.

Shortly after the removal of this action Plaintiff filed a motion to remand this case to the Court of Common Pleas of Erie County. Document # 9. In opposition to the motion to remand, Defendants argue that, inasmuch as Plaintiff's allegations allege violations of his civil rights and are premised on federal statutes, this matter was properly removed and should remain in the federal courts. Documents # 11, 12. The Court agrees.

28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Comp. of America, 511 U.S. 375, 376 (1994). See also Dickler v. Cigna Property and Casualty Comp.,48 Fed.Appx. 856, 858 (3d Cir. 2002). It is well established that federal courts are to presume that a cause of action lies outside this limited jurisdiction. Kokkonen, 511 U.S. at 376, citing Turner v. Bank of North America, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799).

"On a motion to remand, the defendant [the removing party] bears the burden of establishing jurisdiction." Crackau v. Lucent Technologies, 2003 WL 21665135, at * 1 (D.N.J.,2003), citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). See also Meritcare Inc. v. St. Paul Mercury Insurance Comp., 166 F.3d 214, 222 (3d Cir. 1999), abrogated on other grounds, Exxon Mobile Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005). Moreover, 28 U.S.C. § 1441 "should be strictly construed and all doubts should be resolved in favor of remand." Sun Buick, Inc. v. Saab Cars USA, Inc., 26 F.3d 1259, 1262 (3d Cir. 1994); Abels v. State Farm Fire & Casualty Comp., 770 F.2d 26 (3d Cir. 1985).

Title 28 U.S.C. § 1331 provides the district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," while 28 U.S.C. § 1441 provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable ...." It is beyond dispute in this case that Plaintiff is alleging civil rights violations under 42 U.S.C. § 1983 and is, thus, asserting a claim arising under the Constitution

3

of the United States.  As a result, Defendants have met their burden of proving that this Court has original jurisdiction of this action and the motion to remand should be denied.


      **C.**     **Standards of Review as to the Pending Dispositive Motions**
          **1.**     *Pro se* **Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.


          **2.**     **Motion for More Definite Statement**

   Rule 12(e) provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed.R.Civ.P. 12(e).  Rule 12(e) motions, however, "are highly disfavored since the overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden of unearthing factual details on the discovery process."

4

Hughes v. Smith, 2005 WL 435226, at * 4 (E.D.Pa., Feb. 24, 2005) (internal citation omitted). "The basis for granting a 12(e) motion is unintelligibility, not lack of detail." Id.

### 3. Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 95 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.
>
> * * *
>
> After *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief. This plausibility requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, ___ F.3d. ___, ___, 2009 WL 2501662, at * 4-5 (3d Cir. Aug. 18, 2009).

### 4.   Motion for summary judgment pursuant to Rule 56

The Commonwealth Defendants have attached several exhibits to their motion to dismiss. Therefore, this Court will convert that motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court

must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### D. The Motion to Dismiss by the Commonwealth Defendants

The Commonwealth Defendants argue, *inter alia*, that this case should be dismissed because Plaintiff has failed to exhaust his administrative remedies as to his claims in accordance with the requirements of the PLRA. Because Plaintiff and Defendants have attached numerous exhibits to their filings on this issue, this Court will convert the motion to dismiss into a motion for summary judgment.

#### 1. The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id (emphasis added).[3]

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306

---

[3] It is not a plaintiff's burden to affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, 217 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); . Instead, the failure to exhaust must be asserted and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[4] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[5]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal

---

[4] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

[5] There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

courts by erecting barriers to frivolous prisoner lawsuits.").

### 2. The Administrative Process Available to State Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages.  First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who responds in writing within ten business days.  Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days.  Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days.  See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001).

### 3. Analysis

The Commonwealth Defendants have provided evidence of Plaintiff's use of the grievance system as it pertains to the claims made in this lawsuit.

According to the evidence of record, Plaintiff filed grievance number 170836 complaining about the November 2006 incident involving Correctional Officer Roth.  Document # 23, page 18.  However, upon his appeal to the final level of review, Plaintiff failed to include the requisite copy of his appeal to the Superintendent.  Consequently, Plaintiff's final appeal was dismissed for procedural reasons rather than denied on its merits.  See Document # 16-2, page 2, dismissal letter from Chief Grievance Officer Sharon Burks; Document # 16-2, page 4-5,

Declaration of Keri Moore, Administrative Officer in the Grievance Review Office of the Department of Corrections. Such a dismissal constitutes a failure to properly exhaust under Woodford.

In opposition to this evidence, Plaintiff argues that he did fully exhaust his administrative remedies as to grievance number 170836 because he did file the necessary supporting documentation. Document # 23, page 4. However, Plaintiff must provide some sort of evidence in support of his argument in this regard. Plaintiff has provided no evidence in the face of the fully supported motion for summary judgment. Plaintiff's bald assertions that he exhausted grievance number 170836 are not enough to defeat summary judgment. See Celotex; DuFresne.

According to the evidence of record, Plaintiff has not filed a grievance as to any of the other claims (the retaliation and the verbal harassment which allegedly followed the incident with Correctional Officer Roth) made in the lawsuit and therefore, summary judgment should be granted as to all claims against the Commonwealth Defendants.

The motion for summary judgment should be granted as to the Commonwealth Defendants.

### E.     The Motion to Dismiss filed by Defendant Mowry

Defendant Mowry has moved to dismiss the case against her for failure to state a claim or alternatively has moved for a more definite statement from Plaintiff.

Plaintiff's claims against Defendant Mowry are less than concise. Plaintiff alleges (verbatim):

> Ms. T. Mowery [sic], is the physician assistant in medical at SCI Albion who lied on record in a statement to Lt. Robinson for OPR (Office of Professional Responsibility), and in my grievance fact findings, stating that, "I had no signs of assault, or that I was assaulted. She also stated that there wasn't anything in my medical records that I had any back problems, but there is, and for my back problems in my file.
>
> Ms. Mowery [sic] also stated that I had a [ sic] upright motion, but that was incorrect, and a couple months after my back was re-injured by Correctional

>Officer Roth, I was sent out of the prison to SCI-Smithfield to have an MRI done. This medical assistant clearly lied in the investigation on record in a statement to be true, but wasn't. She also clearly played a major part in the cover-up of the assault to clear Correctional Officer Roth of any wrong doings, so she also played into the conspiracy of retaliations and cover-up by all the other officers.
>
>Ms. Mowery's [sic[ supervisor and boss Ms. Overton's response to my request slip asking about my back, and when I was going to have my MRI done, rebuts everything that Ms. Mowery [sic] stated to be true in both statements she made to OPR, Lt. Robinson, and in my grievance findings as well.

Document # 1-2, ¶¶ 55-57.[6]

### 1) Eighth Amendment

To the extent that Plaintiff is attempting to bring an Eighth Amendment claim against Defendant Mowry, he has failed to state a claim in either the non-medical or the medical context upon which relief may be granted.

#### a) Non-medical

Under the Eighth Amendment, prisoners are protected from cruel and unusual punishment. Farmer v. Brennan, 511 U.S. 825 (1994). But, "not all deficiencies and inadequacies in prison conditions amount to a violation of an inmate's constitutional rights." Booth v. King, 228 Fed.Appx. 167, 171 (3d Cir. 2007). Cruel and unusual punishment will only be found "where, viewing the totality of the conditions in the prison, the inmate's conditions of confinement, alone or in combination, deprive him of the minimal civilized measure of life's necessities." Id. quoting Tillery v. Owens, 907 F.2d 418, 426-27 (3d Cir.1990).

In the non-medical context, the Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-527 (1984). To

---

[6] Plaintiff has not included Defendant Mowry in his conspiracy claim. See Document # 23, page 12.

make out an Eighth Amendment claim based on prison conditions, the plaintiff must show "he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference." Farmer, 511 U.S. at 834. An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities," such as food, water, shelter. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 419 (3d Cir. 2000).

As to the first requirement, "prison conditions violate the Eighth Amendment if they result in the 'unnecessary and wanton infliction of pain,' are 'grossly disproportionate to the severity of the crime warranting imprisonment,' or result in an 'unquestioned and serious deprivation of basic human needs.'" Robinson v. Carr, 99 F.3d 1150 (Table)(10th Cir.1991) quoting Rhodes, 452 U.S. at 346-47. As to the second requirement, deliberate indifference is a difficult standard to meet: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. Farmer, 511 U.S. at 837.

Plaintiff's allegations regarding Defendant Mowry's actions, even if taken as true, are not sufficient to state an Eighth Amendment claim. The acts alleged fall short of demonstrating cruel and unusual punishment because there is no evidence that they "inflict unnecessary or wanton pain" or are "grossly disproportionate to the severity of crimes warranting imprisonment," under the objective standard. Rhodes, 452 U.S. at 348-50. Thus, the facts alleged here do not constitute cruel and unusual punishment because they do not adequately allege that basic human needs were left unsatisfied. Tillman, 221 F.3d at 419 (prisoner was not subject to cruel and unusual punishment because he was never denied room, food, or other necessities).

### b) Medical

In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to serious medical needs. Estelle v.

13

Gamble, 429 U.S. 97 (1976).  The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).  Mere misdiagnosis or negligent treatment is not actionable under §1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation.  Estelle, 429 U.S. at 106.[7]

Plaintiff has not alleged that Defendant Mowry refused to provide medical care or that any of his medical needs went unmet by her.  Therefore, Plaintiff has failed to state an Eighth Amendment claim (in either the medical or the non-medical context) against Defendant Mowry.

Accordingly, her motion to dismiss should be granted in this regard, and her motion for more definite statement should be denied as moot.

---

[7] Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct.13, 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). There is necessarily a distinction between a case in which the prisoner claims a complete denial of medical treatment and one where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment.  United States ex rel. Walker v. Fayette County, 599 F.2d 533, 575 n.2 (3d Cir. 1979). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir.1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir.1977).

### 2) Fourteenth Amendment

Generally, where a particular constitutional amendment (in this case, the Eighth Amendment) provides explicit protections, those provisions subsume the more general protections of due process.  See Graham v. Connor, 490 U.S. 386, 395 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.").  However, here because this Court must construe the *pro se* complaint under Haines v. Kerner and its progeny, we will further analyze Plaintiff's allegations under the rubric of the Fourteenth Amendment.

To the extent that Plaintiff is attempting to advance a substantive due process claim against Defendant Mowry, again he has failed to state a claim upon which relief may be granted. The due process clause, guaranteed through the Fourteenth Amendment of the United States Constitution, provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. V; XIV.  The Due Process Clause was promulgated to secure the individual from the arbitrary exercise of the powers of government.

The constitutional right to "substantive due process" protects individuals against arbitrary governmental action, regardless of the fairness of the procedures used to implement them.  Foucha v. Louisiana, 504 U.S. 71, 80 (1990).  See also Wolff v. McDonnell, 418 U.S. 539, 558 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government.").

The Supreme Court has declined to set forth a precise rule that defines the exact scope of impermissible "arbitrary" conduct for purposes of applying the substantive component of the Due Process Clause.  County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (clarifying that governmental conduct does not violate a person's substantive due process rights unless it amounts to an abuse of official power that "shocks the conscience.").  See generally Collins v. City of Harker Heights, Tex., 503 U.S. 115, 125 (1992) ("As a general matter, [this] Court has

15

always been reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this unchartered area are scarce and open-ended.").

The Third Circuit has explained that "the relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberate indifference.'" Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). See also Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). Nothing in the complaint rises to the level of conscience shocking behavior that would support a substantive due process claim.

Accordingly, the motion to dismiss filed by Defendant Mowry should be granted.

### III   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion to remand [document # 9] be DENIED.

It is further recommended that the motion to dismiss or for a more definite statement filed by Defendant Mowry [Document # 5] be granted in part and denied in part. The motion to dismiss should be GRANTED, while the motion for more definite statement should be DENIED as moot.

It is further recommended that the motion to dismiss filed by the Commonwealth Defendants [Document # 15] be GRANTED.

The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187(3d Cir. 2007).

                                              S/ Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              United States Magistrate Judge

Dated: August 28, 2009